# Order

Michigan Supreme Court
Lansing, Michigan

September 16, 2011

142525

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

JORGE IVAN TORRES-DAVID,
        Defendant-Appellant.

_____/

Robert P. Young, Jr.,
*Chief Justice*

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
*Justices*

SC: 142525
COA: 300421
Wayne CC: 08-018289-FH

On order of the Court, the application for leave to appeal the December 15, 2010 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARILYN KELLY, J. (*concurring*).

I concur in the order denying defendant's application for leave to appeal because I believe that the trial court properly scored offense variable (OV) 10 at 15 points. I write separately to point out that Justice MARKMAN, in his dissent, sadly misinterprets and misrepresents the meaning of the Court's order in this matter. Contrary to his statement, the Court does not accord greater protections in our criminal law to illegal aliens than to law-abiding citizens and legal aliens. What the Court does is recognize that the length of a criminal's incarceration properly depends on whether his or her crime included exploitation of a vulnerable victim. Michigan law established long ago that a criminal's sentence should be longer if the criminal wronged a person knowing that the person wronged was an easy target. What happened in this case is that the defendant stole from victims who he believed would not report him because they were undocumented aliens. It is hardly an irresponsible application of justice to impose a harsher sentence on a person whose criminal activity exploits vulnerable victims than on one that does not.

The error in Justice MARKMAN's reasoning has its origins in his focus on the victims' status as undocumented aliens rather than on the offender's conduct. OV 10 involves "exploitation of a vulnerable victim."[1] It directs courts to assess 15 points for

---

[1] MCL 777.40(1).

this OV if predatory conduct was involved in the defendant's crime.  It defines predatory conduct as "preoffense conduct directed at a victim for the primary purpose of victimization."[2]  Thus, the attention of OV 10 is on the offender's conduct and on whether that conduct was designed to make the victim easier to victimize.

The facts of this case are that defendant arranged for friends to rob the victims after learning that one victim had recently withdrawn a large sum of money from the bank.  The record supports the trial court's conclusion that defendant also targeted the victims because he believed that, as undocumented aliens, they would be reluctant to report his crime to the authorities.  I believe that this constituted "predatory conduct" as defined in OV 10.[3]  Also, most would agree that someone who is thought to be reluctant to report a crime to the authorities is vulnerable.

Nonetheless, Justice MARKMAN concludes that the Legislature intended that undocumented aliens as a class be summarily excluded from consideration as vulnerable victims under OV 10.  He enlarges the class excluded to encompass anyone who is reluctant to report being victimized to the police because he or she is not a "law-abiding citizen[]."[4]  He apparently believes that the Legislature intended there to be such a class because it wanted crimes committed against lawbreakers less severely punished than those committed against law-abiding people.

However, Justice MARKMAN overlooks that the Legislature chose when drafting OV 10 to include drug abusers as vulnerable victims, entitled to the same protection as law-abiding people.  Thus, admittedly, it intended at least some people who engage in illegal activity to be included as vulnerable victims in OV 10.  The Legislature also included alcoholics.  Considering these facts, I see no textual basis to infer that it intended to exclude undocumented aliens and all other "lawbreakers" reluctant to report a crime to the police from the pool of vulnerable victims.

I also note that Justice MARKMAN's analysis irreconcilably conflicts with his analysis in *People v Huston*.[5]  In *Huston*, writing for a majority of the Court, he concluded that the offender's conduct, not the victim's status, is dispositive for OV 10 purposes.  He reasoned that an offender who lies in wait to victimize a potential victim engages in predatory conduct regardless of who is ultimately victimized.[6]  That would include undocumented aliens.  However, in this case, he concludes that the victims' status

---

[2] MCL 777.40(3)(a).

[3] *Id*.

[4] *Post* at ___.

[5] *People v Huston*, 489 Mich 451 (2011).

[6] *Id*. at 463.

as undocumented aliens *precludes* a finding that they are vulnerable victims, irrespective of the offender's conduct.

Justice MARKMAN's approach creates two classes of victims: (1) undocumented aliens and lawbreakers who are reluctant to report being victimized to the police and (2) alcoholics, drug abusers, and law-abiding people. Justice MARKMAN concludes that the Legislature intended to exclude the former "as a class" from consideration as vulnerable victims, but include the latter.

Because OV 10 focuses on an offender's conduct, not on the victim's status, it punishes those who engage in criminal exploitative conduct more harshly than those who do not. If, as here, an offender robs undocumented aliens knowing that they will be less likely than others to report the crime to the police, the offender exploits that vulnerability.

I believe that undocumented aliens are vulnerable victims for purposes of OV 10 when offenders view them as easy targets because they fear contact with the police. It is for that reason that 15 points were properly assessed for OV 10. Moreover, I disagree with the Justice MARKMAN's suggestion that the delineation of specific classes of vulnerable victims in the statute leads to the inference that the Legislature intended to exclude undocumented aliens and lawbreakers who are reluctant to report crimes to the police.

Thus, I concur in the order denying leave to appeal.

MARKMAN, J. (*dissenting*).

I respectfully dissent from the order denying leave to appeal. At issue is the trial court's assessment of 15 points under offense variable 10 (OV 10) of the sentencing guidelines, which pertains to the exploitation of a "vulnerable victim." MCL 777.40(1). The victims in this case were known to be illegal aliens, and the trial court reasoned that their "vulnerability" was a function of their presumed reluctance to report to the authorities criminal activities directed against them. I would reverse the trial court and order it to assess zero points for OV 10.

I do not agree that illegal alien status somehow transforms those persons into "vulnerable" victims, so that crimes committed against them are to be punished more severely than identical crimes against citizens and legal aliens. Were that to be true, it would presumably also be the case that any crime knowingly committed against another criminal would be punished more severely than an identical crime against a law-abiding citizen. I do not believe the Legislature had any intention to single out illegal aliens and subject those who commit crimes against this class of persons to *greater* punishment than those who commit crimes against any other person.

"Vulnerability" is defined in MCL 777.40(3)(c) as "the readily apparent susceptibility of a victim to injury, physical restraint, persuasion, or temptation," and MCL 777.40(1)(b) provides illustrations of covered vulnerabilities, e.g., "a victim's physical disability, mental disability, youth or agedness, or a domestic relationship . . . ." MCL 777.40(1)(c) further refers to situations in which an "offender exploit[s] a victim by his or her difference in size or strength, or both, or exploit[s] a victim who was intoxicated, under the influence of drugs, asleep, or unconscious." These illustrations, although not exclusive, shed light on what the Legislature meant by a "vulnerable victim," and illegal alien status, in my judgment, is in no way even remotely similar to these illustrations. It is hardly a "vulnerability" akin to a physical or mental disability, or analogous to youth or agedness, that as a result of his victimization an illegal alien may be rendered more likely to come into contact with law enforcement authorities or more likely to be held accountable for his lawbreaking. Only a highly strained and unreasonable reading of MCL 777.40 would equate these "vulnerabilities."

Finally, Justice MARILYN KELLY entirely misapprehends my analysis. I do not believe that illegal aliens are "a class [to] be summarily excluded from consideration as vulnerable victims . . . ." Rather, if the "vulnerability" of an illegal alien is that of any other person, e.g., if the illegal alien suffers from a physical disability or is the victim of "predatory conduct," a criminal perpetrator who has victimized an illegal alien will be subject to having points assessed under OV 10 on the same basis as a criminal perpetrator victimizing any other person. See *People v Huston*, 489 Mich 451 (2011). I simply do not believe, as does Justice KELLY, that illegal alien status *alone* transforms a person into a "vulnerable victim." Indeed, I do not believe that *any* person's reluctance to come into contact with law enforcement authorities—because that person is himself an ongoing lawbreaker or a fugitive from justice, for example—should be considered a "vulnerability" for purposes of OV 10, whether that person is a citizen, a legal alien, or an illegal alien. Crimes committed against persons who are lawbreakers, and therefore reluctant to engage law enforcement authorities, should be treated with severity *equal* to that for crimes committed against persons who are not lawbreakers, but there is no reasonable basis in the law for treating crimes against persons who are lawbreakers with *greater* severity.

To the extent that criminal punishments deter lawbreakers, and to the extent that greater punishments deter more than do lesser punishments, the majority today establishes in the law of our state the remarkable proposition that persons known to be illegal aliens will be accorded under our criminal law *greater* protections from lawbreakers than will law-abiding citizens and legal aliens. It is a proposition with which I disagree and that I cannot support.

MARY BETH KELLY and ZAHRA, JJ., join the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 16, 2011

_Corbin R. Davis_
Clerk

y0913